UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
APR -6
AT 8:30 ____M
CLERK, U.S. DISTRICT COURT - DNJ

MONTEL PITT,
Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually,
LT. THOMAS MORAN, individually,
JOHN DOE STATE POLICE SUPERVISORS 1–10,

Defendants.

CIVIL ACTION COMPLAINT
(JURY TRIAL DEMANDED)

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. §1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this District.

## II. PARTIES

4. Plaintiff Montel Pitt is a New Jersey State Trooper.

5. Defendants are supervisory officials within the New Jersey State Police responsible for Plaintiff's suspension and discipline.

## III. FACTUAL ALLEGATIONS

6. On June 30, 2024, Plaintiff was involved in an incident in North Wildwood, New Jersey.

7. Plaintiff was assaulted by a security guard but was arrested and charged with disorderly conduct.

8. On July 8, 2024, Plaintiff was suspended without pay.

9. Approximately one month later, Defendants obtained video evidence showing Plaintiff was the victim.

10. Despite this, Plaintiff remained suspended without pay until May 1, 2025.

11. Plaintiff became eligible for overtime on September 1, 2024 but was deprived of that opportunity.

12. Plaintiff's criminal case was dismissed, yet Defendants refused to restore his pay and benefits.

13. Plaintiff remains on restricted light duty status to the present day, resulting in ongoing loss of income, overtime opportunities, and full employment benefits.

## PARALLEL PROCEEDINGS

14. Plaintiff has filed a related action in New Jersey Superior Court, Cape May County, involving the same underlying incident against North Wildwood Police Department. This action involves separate federal claims.

## PROPERTY

15. Defendants required Plaintiff to surrender issued equipment and personal property.

16. Defendants failed to properly account for and return certain personal property belonging to Plaintiff.

## EMOTIONAL AND PHYSICAL HARM

17. Plaintiff has suffered anxiety, panic attacks, and emotional distress.

18. Plaintiff reported symptoms but lacked medical insurance during suspension.

19. Plaintiff is now pursuing therapy.

20. Plaintiff continues to experience workplace-related anxiety.

## WORKPLACE SAFETY

21. Plaintiff remains on restricted duty without full equipment while interacting with the public.

22. This has increased risk and contributed to ongoing anxiety.

## COMPARATOR

23. Other troopers engaged in more serious misconduct but received lesser discipline.

## IV. CLAIMS

24. Violation of Due Process under 42 U.S.C. §1983.

25. Arbitrary and capricious actions.

26. Bad faith conduct.

## V. DAMAGES

27. Loss of wages, overtime, benefits, pension accrual, health insurance, emotional distress, and ongoing losses.

28. Plaintiff seeks compensatory and punitive damages.

## VI. RELIEF

29. Compensatory damages, back pay, front pay, costs, and other relief.

## VII. JURY DEMAND

30. Plaintiff demands trial by jury.

Respectfully submitted,

Montel Pitt, Plaintiff Pro Se
20 Chestnut Ave
Cape May Court House, NJ 08210
609-741-9587
Montelp95@yahoo.com