MONTEL PITT,

Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually,
LT. THOMAS MORAN, individually,

Defendants.

**MOTION DATE: July 20, 2026**

**UNITED STATED DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

Hon. Karen M. Williams, U.S.D.J.
Hon. Matthew J. Skahill, U.S.M.J.

CIVIL ACTION NO. 1:26-CV-03645 (KMW) (MJS)

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants

**On the Brief:**
Nicholas W. Turgiss
Deputy Attorney General
NJ Attorney ID# 526652025
(609) 262-4789
Nicholas.Turgiss@law.njoag.gov

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

STANDARD OF REVIEW ........ 2

ARGUMENT ........ 4

POINT I

PLAINTIFF FAILS TO PLEAD A SECTION 1983 CLAIM, AND HIS FIRST COUNT MUST THEREFORE BE DISMISSED. ........ 4

A. PLAINTIFF FAILS TO PLEAD THE FIRST PRONG OF HIS SECTION 1983 CLAIM ........ 6

1. PLAINTIFF FAILS TO PLEAD THE FIRST ELEMENT OF A PROCEDURAL DUE PROCESS CLAIM BECAUSE HE IDENTIFIES NO LEGITIMATE PROPERTY INTEREST IN HIS EMPLOYMENT OR HIS "CERTAIN PERSONAL PROPERTY" ........ 6

2. PLAINTIFF FAILS TO PLEAD THE SECOND ELEMENT OF A PROCEDURAL DUE PROCESS CLAIM BECAUSE HE DID NOT ALLEGE THAT HE AVAILED HIMSELF TO STATE PROCESSES CONCERNING HIS EMPLOYMENT OR HIS "CERTAIN PERSONAL PROPERTY" ........ 8

3. PLAINTIFF DOES NOT PLEAD A COGNIZABLE SUBSTANTIVE DUE PROCESS CLAIM BECAUSE PLAINTIFF DOES NOT ALLEGE "SHOCKING" OR "EGREGIOUS" CONDUCT ........ 10

B. PLAINTIFF FAILS TO PLEAD THE SECOND PRONG OF HIS SECTION 1983 CLAIM BECAUSE HE DOES NOT ATTRIBUTE ANY ACTIONS TO EITHER INDIVIDUAL DEFENDANT ........ 11

POINT II

PLAINTIFF FAILS TO ASSERT VIABLE CAUSES OF ACTION FOR HIS SECOND AND THIRD COUNTS, AND THEY MUST THEREFORE BE DISMISSED ........ 13

A. PLAINTIFF'S "ARBITRARY AND CAPRICIOUS ACTIONS" CLAIM MUST BE DISMISSED BECAUSE IT IS NOT A COGNIZABLE CAUSE OF ACTION .... 13

B. PLAINTIFF'S "BAD FAITH CONDUCT" CLAIM MUST BE DISMISSED BECAUSE IT IS INAPPLICABLE TO THE FACTS OF THIS CASE ................ 14

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Alvin v. Suzuki,
227 F.3d 107 (3d Cir. 2000) .......... 5, 8

Anspach v. City of Philadelphia,
503 F.3d 256 (3d Cir. 2007) .......... 3

Ashcroft v. Iqbal,
556 U.S. 662 (2009) .......... 2, 3, 11

Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.,
69 N.J. 123 (1976) .......... 14

Bd. of Regents v. Roth,
408 U.S. 564 (1972) .......... 6, 7

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .......... 2, 3, 12

Breithaupt v. Abram,
352 U.S. 432 (1957) .......... 5, 10

Chey v. Labruno,
608 F. Supp. 3d 161 (D.N.J. 2022) .......... 8

Collins v. City of Harker Heights,
503 U.S. 115 (1992) .......... 5

County of Sacramento v. Lewis,
523 U.S. 833 (1998) .......... 5, 11

Daniels v. Williams,
474 U.S. 327 (1986) .......... 5, 9, 10

Ditzel v. Univ. of Med. and Dentistry of New Jersey,
962 F. Supp. 595 (D.N.J. 1997) .......... 7

Dusanek v. Hannon,
677 F.2d 538 (7th Cir. 1982) .......... 8

Elmore v. Cleary,
339 F.3d 279 (3d Cir. 2005) .......... 6

Estelle v. Gamble,
429 U.S. 97 (1976) .......... 3

Foulke v. Twp. of Cherry Hill,
Civ. No. 23-02543, 2024 U.S. Dist. LEXIS 133168 (D.N.J. July 29, 2024) .......... 12

Fowler v. UPMC Shadyside,
578 F.3d 203 (3d Cir. 2009) .......... 3

Hill v. Borough of Kutztown,
455 F.3d 225 (3d Cir. 2006) .......... 5

Hunt v. Chambers,
21 N.J.L. 620 (1845) .......... 6, 7

Innovative Cosm. Concepts, LLC v. Brown Packaging, Inc.,
Civ. No. 18-5939, 2020 U.S. Dist. LEXIS 251516 (D.N.J. Apr. 28, 2020) .......... 12

Malleus v. George,
641 F.3d 560 (3d Cir. 2009) .......... 2

McNeil v. United States,
508 U.S. 106 (1993) .......... 3

Morgan v. Union County,
268 N.J. Super. 337 (App. Div. 1993) .......... 7

Morse v. Lower Merion School Dist.,
132 F.3d 902 (3d Cir. 1997) .......... 3

Mueller v. Technical Devices Corp.,
8 N.J. 201 (1951) .......... 10

Palko v. Connecticut,
302 U.S. 319 (1937) .......... 5

Parratt v. Taylor,
451 U.S. 527 (1981) .......... 9

Patsy v. Bd. of Regents of Fl.,
457 U.S. 496 (1982) .......... 8

In re Petition for Rulemaking,
117 N.J. 311 (1989) .......... 13

Pickett v. Lloyd's,
131 N.J. 457 (1993) .......... 14

In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp.,
216 N.J. 370 (2013) .......... 13

Richardson v. EzriCare, LLC,
Civ. No. 23-3498, 2024 U.S. Dist. LEXIS 176899 (D.N.J. Sept. 30, 2024) .......... 12

Rivkin v. Dover Twp. Rent Leveling Bd.,
143 N.J. 352 (1996) .......... 9

Robertson v. Fiore,
62 F.3d 596 (3d Cir. 1995) .......... 7

Rochin v. California,
342 U.S. 165 (1952) .......... 5, 10

Rode v. Dellarciprete,
845 F.2d 1195 (3rd Cir. 1988) .......... 11

Seidenberg v. Summit Bank,
348 N.J. Super. 243 (App. Div. 2002) .......... 14

Sutton v. Rasheed,
323 F.3d 236 (3d Cir. 2003) .......... 11

Sykes v. Blockbuster Video,
205 F. App'x 961 (3d Cir. 2006) .......... 3

Tarsio v. Provident Ins. Co.,
108 F. Supp. 2d 397. (D.N.J. 2000) .......... 14

United States v. Classic,
313 U.S. 299 (1941) .......... 6

United States v. Salerno,
481 U.S. 739 (1987) .......... 5, 11

Velez v. City of Jersey City,
180 N.J. 284 (2004) .......... 10

Vida v. Ruckle Bros., Inc.,
135 N.J.L. 570 (1947) .......... 7

West v. Atkins,
487 U.S. 42 (1988) .......... 4, 6, 11

Whitley v. Albers,
475 U.S. 312 (1986) .......... 5

Wolff v. McDonnell,
418 U.S. 539 (1974) .......... 5

**Statutes**

5 U.S.C. § 706(2)(A) .......... 13

42 U.S.C. § 1983 .......... *passim*

New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. .......... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2, 8

Fed. R. Civ. P. 8(a)(2) .......... 3, 12

## PRELIMINARY STATEMENT

On April 6, 2026, Plaintiff Montel Pitt initiated this matter by way of Complaint in the United States District Court for the District of New Jersey, Camden Vicinage. This three-page pleading only contains conclusory assertions without any specific facts that the Defendants, Major Fidiberto Soto and Captain Thomas Moran[1] (collectively, "Defendants"), are civilly liable to Plaintiff. The Complaint thus fails to plausibly state a claim upon which relief can be granted and must be dismissed.

## STATEMENT OF FACTS

Plaintiff is employed as a New Jersey State Trooper. Compl. ¶ 4. On June 30, 2024, Plaintiff was involved in an "incident" that seemingly took place outside the scope of his employment. See id. ¶¶ 6, 7. In this incident, Plaintiff alleges he was assaulted by a security guard but was thereafter arrested and charged with disorderly conduct. Id. ¶¶ 6-8.

Plaintiff next states he was suspended from his job as a State Trooper without pay from July 8, 2024, through May 5, 2025. Id. ¶¶ 8, 10. Plaintiff does not explain why he was suspended during this time. See ibid. During his suspension, Plaintiff claims that Defendants obtained video evidence showing Plaintiff was "the victim." Id. ¶ 9. Plaintiff also alleges his criminal case was dismissed, but he does not say when this dismissal occurred. See id. ¶ 12. Sometime after his reinstatement, Plaintiff was placed on restricted light duty status, and he remains on restricted light duty status to the present day. See id. ¶ 13.

Plaintiff also refers to a vague occurrence where Defendants made Plaintiff surrender undescribed employer-issued equipment and personal property. Id. ¶ 15. Plaintiff asserts that

[1] Although designated in the caption as a Lieutenant, Defendant Moran was promoted to Captain shortly after Plaintiff filed this lawsuit's Complaint.

Defendants later failed to account for and return "certain personal property belonging to Plaintiff." Id. ¶ 16.

Plaintiff brings three Counts against Defendants: (1) Violation of Due Process under 42 U.S.C. § 1983, (2) "arbitrary and capricious actions," and (3) "bad faith conduct." Compl. ¶¶ 24-26.

## STANDARD OF REVIEW

In lieu of filing an answer to a complaint, a responding party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Ibid.

When considering a Rule 12(b)(6) motion, a district court should undertake a three-step analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Ibid. Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Ibid.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." Malleus, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or the demonstration of a "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Although *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants must still plead the essential elements of their claim and are not excused from conforming to the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure). Mere recitals of the elements of a claim, supported by conclusory statements, will not result in a prima facie cause of action. Iqbal, 556 U.S. at 678. Likewise, under Rule 8(a)(2), a plaintiff must present the grounds for his claim and this presentation must consist of more than labels and conclusions. Twombly, 550 U.S. at 555. Although reviewing courts must accept the plaintiff's factual allegations as true, the plaintiff's conclusory allegations and legal conclusions are not entitled to the same assumption of truth. Iqbal, 556 U.S. at 678; see also Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007) (quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent dismissal)).

## ARGUMENT

## POINT I

## PLAINTIFF FAILS TO PLEAD A SECTION 1983 CLAIM, AND HIS FIRST COUNT MUST THEREFORE BE DISMISSED

Plaintiff's first Count alleges a Section 1983 Due Process violation. Compl. ¶ 24. Considering the nature of the Complaint's alleged facts, Plaintiff most likely refers to a Procedural Due Process violation under the Fourteenth Amendment. See id. ¶¶ 6-13, 15-16. This Count would therefore apply to Defendants' decisions to place him on unpaid leave, place him on restricted light duty status after he returned to work, and confiscate "certain personal property." See ibid.

As discussed below, Plaintiff's conclusory assertions fail to plead a Section 1983 claim based on a Procedural Due Process theory. Furthermore, to any extent Plaintiff attempts to base his Section 1983 Count on a Fourteenth Amendment Substantive Due Process theory, Plaintiff likewise fails to state a claim.

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To plead a cognizable Section 1983 claim, a plaintiff must allege (1) a violation of a federal constitutional or statutory right; and (2) that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

When the alleged constitutional violation is a lack of Procedural Due Process, the first prong of a Section 1983 analysis requires a plaintiff to plead two elements: (1) he was

deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property" and (2) the procedures available to him did not provide "due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

For Substantive Due Process claims, the Fourteenth Amendment "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Thus, "the touchstone of [substantive] due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). However, "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" Lewis, 523 U.S. at 846 (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)). Such egregious conduct typically needs to "shock the conscience." See, e.g., Breithaupt v. Abram, 352 U.S. 432, 435 (1957) (reiterating that conduct that "'shocked the conscience' and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency" would violate Substantive Due Process); Whitley v. Albers, 475 U.S. 312, 327 (1986) (same); United States v. Salerno, 481 U.S. 739, 746 (1987) ("So-called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' . . . or interferes with rights 'implicit in the concept of ordered liberty....'") (quoting Rochin v. California, 342 U.S. 165, 172 (1952), and Palko v. Connecticut, 302 U.S. 319, 325-26 (1937)).

Assuming a plaintiff adequately pleads a constitutional violation under the first Section 1983 prong, the second prong requires allegations that a specific state actor exercised power "possessed by virtue of state law" and performed an action that was "made possible only

because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

As detailed below, Plaintiff does not adequately allege the first prong of a Section 1983 claim under either a Procedural Due Process theory or a Substantive Due Process theory. Plaintiff also fails to plead facts satisfying the second prong of his Section 1983 claim.

### A. Plaintiff Fails to Plead the First Prong of His Section 1983 Claim

Plaintiff's pleadings contain no facts or inferences leading to a plausible conclusion that he possessed a "life, liberty, or property" interest under the Fourteenth Amendment, either for his employment status or his "certain personal property." Thus, Plaintiff fails to plead the first prong of his Section 1983 claim.

#### 1. Plaintiff fails to plead the first element of a Procedural Due Process claim because he identifies no legitimate property interest in his employment or his "certain personal property"

Plaintiff fails to plead the first element of a Procedural Due Process claim because he does not allege facts showing he had a property interest under New Jersey law to his employment or his undescribed "certain personal property."

Property interests are not created under the Constitution; they instead arise by statutory creation or by underlying state law. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Property interests in personal chattel are generally defined by New Jersey's common law. See Hunt v. Chambers, 21 N.J.L. 620, 623 (1845) ("To maintain replevin, the plaintiff must have the right of exclusive possession to the goods in question.") Property interests in a government job are likewise defined by state law but also require more than a "unilateral expectation of continued employment." Elmore v. Cleary, 339 F.3d 279, 282 (3d Cir. 2005). Instead, a plaintiff must show a "legitimate entitlement" to continued employment in a government job. Ibid. Under New Jersey law, "absent a statutory or contractual entitlement, a

public employee...does not have a property interest in his or her job." Ditzel v. Univ. of Med. and Dentistry of New Jersey, 962 F. Supp. 595, 607 (D.N.J. 1997) (citing Morgan v. Union County, 268 N.J. Super. 337, 355 (App. Div. 1993), and Robertson v. Fiore, 62 F.3d 596, 601 (3d Cir. 1995)).

Regarding Plaintiff's suspension, Plaintiff demonstrates no legal entitlement to full-time employment during the pendency of his disciplinary proceedings. Plaintiff offers no facts that he had a right under a statute, regulation, or employment contract to continue working full time while his disciplinary case was pending. Plaintiff's Complaint accordingly does not show that he had a legitimate State law entitlement to avoid his unpaid suspension. See Ditzel, 962 F. Supp. at 607. Plaintiff therefore fails to plead the first Procedural Due Process element because the Complaint contains no facts that he had a legitimate property interest in his lost work and wages while he was suspended.

Regarding Plaintiff's "certain personal property," the first element of his Procedural Due Process claim fails for the same reasons. Plaintiff pleads no facts describing what this property was and therefore does demonstrate that he had the right to exclusive possession over the property. See Roth, 408 U.S. at 577; Hunt, 21 N.J.L. at 623. The Complaint therefore contains no plausible allegations that Plaintiff had a legitimate interest in the property under New Jesey law. See Vida v. Ruckle Bros., Inc., 135 N.J.L. 570, 571 (1947) (stating that in replevin actions, "the burden [is] upon the plaintiff [] to establish ownership, absolute or qualified, with the right to exclusive possession at the time of bringing the action, and the failure to do so entitles the defendant to judgment"). Accordingly, Plaintiff fails to plead the first element of a Procedural Due Process claim for his "certain personal property" because he has not demonstrated any legal entitlement to possess that property.

2. Plaintiff fails to plead the second element of a Procedural Due Process Claim because he did not allege that he availed himself to State processes concerning his employment or his "certain personal property"

In addition to having no legitimate property interest in his work or "certain personal property," Plaintiff also fails to plead the second element of a Procedural Due Process claim because he offers no facts that he used State procedures to address his alleged deprivations.

Although plaintiffs normally do not have to exhaust administrative remedies as a precondition to file a Section 1983 lawsuit, see Patsy v. Bd. of Regents of Fl., 457 U.S. 496, 501 (1982), this general rule does not apply to Procedural Due Process claims because a lack of adequate State remedies is the foundational core of a Procedural Due Process claim. See Alvin, 227 F.3d at 116 ("[E]xhaustion simplicter is analytically distinct from the requirement that the harm alleged has occurred.") Instead, no Procedural Due Process liability exists when the State "has made procedural protection available and the plaintiff has simply refused to avail himself of them." Ibid. (quoting Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982)).

Regarding Plaintiff's workplace discipline, Plaintiff pleads no facts that State disciplinary processes leading up to his suspension and subsequent placement on restricted light duty were inadequate. For example, the Complaint contains no assertion that Plaintiff did not receive notice of disciplinary actions to be taken against him, that he was not afforded a hearing, that he was deprived of the opportunity to present testimony or evidence for his case, or that there was no possible method for him to appeal disciplinary decisions made against him. See Chey v. Labruno, 608 F. Supp. 3d 161, 177-78 (D.N.J. 2022) (granting the defendants' motion to dismiss a Procedural Due Process claim under Rule 12(b)(6) because the plaintiff did not allege she pursued available State processes). Plaintiff may not recast his mere subjective disagreement with workplace discipline as a Procedural Due Process violation. Because the Complaint is simply bereft of any facts demonstrating that Plaintiff did

not receive due process for his disciplinary decisions, his Procedural Due Process claim relating to his workplace discipline must be dismissed.

Regarding Plaintiff's "certain personal property," Plaintiff fails to describe the circumstances leading up to the purported deprivation, allege that he was improperly denied a pre-deprivation hearing, or contend that he took advantage of state remedies to recover the property. Importantly, a state's deprivation of property does not amount to a Procedural Due Process violation when the deprivation may be described as "random and unauthorized" and the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (overruling Parratt "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment").[2] Absent any allegations of malfeasance, no pre-deprivation hearings are required if the state has adequate post-deprivation remedies. See Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 357-58 (1996) ("When a deprivation of property results from the random and unauthorized actions of a state employee and pre-deprivation process would have been impracticable, there is no [Section 1983] due process violation so long as an adequate post-deprivation remedy is available.")

Post-deprivation remedies exist for circumstances like this. New Jersey has a statutory scheme that permits all people, not just government workers, to file post-deprivation lost property claims via the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:1-1 et seq. Through this act, a State employee may allege either conversion or trespass to chattels against their State

---

[2] Although Daniels overrules Parratt in part, this overruling restricts, rather than expands, the Fourteenth Amendment's scope of permissible Procedural Due Process claims. See Daniels, 474 U.S. at 330-31.

government employer. See Velez v. City of Jersey City, 180 N.J. 284, 294-96 (2004) (holding that the TCA applies to intentional common law torts); Mueller v. Technical Devices Corp., 8 N.J. 201, 207 (1951) (commenting that conversion and trespass to chattels are torts under New Jersey common law).

Here, the Complaint does not contain any details about the circumstances leading up to Plaintiff's alleged loss of "certain personal property." Instead, Plaintiff only asserts that Defendants "failed to properly account for and return certain personal property to Plaintiff." Compl. ¶ 16. There are no facts in the Complaint leading to a plausible inference that a pre-deprivation hearing would have been practicable or warranted under the circumstances. The Complaint also contains no facts that Plaintiff pursued post-deprivation remedies or that otherwise explain why available remedies were inadequate. Therefore, Plaintiff's Procedural Due Process claim regarding the "certain personal property" must also be dismissed.

3. Plaintiff does not plead a cognizable Substantive Due Process claim because Plaintiff does not allege "shocking" or "egregious" conduct

To any extent Plaintiff attempts to base the first Section 1983 prong on a Substantive Due Process theory, Plaintiff's claim must be dismissed because the workplace discipline he received does not "shock the conscience."

Plaintiff simply avers that he experienced suspension without pay, was placed on light duty status, and had "certain personal property" confiscated. Compl. ¶¶ 10, 13, 16. These allegations do not even come close to the type of conduct prohibited by Substantive Due Process. Compare Rochin, 342 U.S. at 172 (forced pumping of a suspect's stomach to obtain evidence shocked the conscience), with Breithaupt, 352 U.S. at 437-39 (non-consensual extraction of blood from unconscious suspect did not shock the conscience); Daniels, 474 U.S. at 333-34 (prisoner's slip and fall due to a guard's negligence did not amount to a Due

Process violation); Salerno, 481 U.S. at 478 (pre-trial detention of dangerous individuals did not shock the conscience); Lewis, 523 U.S. at 854-55 (high-speed chase resulting in death did not shock the conscience).

Because Plaintiff's allegations are well outside the range of activity Substantive Due Process disallows, Plaintiff's Complaint, insofar as it attempts to allege a Section 1983 claim under a Substantive Due Process theory, must be dismissed.

### B. Plaintiff Fails to Plead the Second Prong of His Section 1983 Claim Because He Does Not Attribute Any Actions to Either Individual Defendant

In addition to Plaintiff's failure to allege any actual Due Process violations, Plaintiff's Complaint does not describe how each individual Defendant committed a constitutional violation while "acting under color of state law." Instead, Plaintiff engages in impermissible "group pleading," which is insufficient to state a claim under the second prong of a Section 1983 violation.

Although "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law," it is still Plaintiff's burden to allege how each individual Defendant "abuse[d] the position given to [them] by the State." See West, 487 U.S. at 50. A plaintiff suing under Section 1983 must establish the defendant had "personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003). "[A]llegations of personal direction or of actual knowledge and acquiescence" can help prove personal involvement, yet such allegations must "be made with appropriate particularity." Rode, 845 F.2d at 1207. A court need not assume bare assertions, conclusory statements, or naked assertions as true. Ashcroft, 556 U.S. at 678.

Furthermore, Rule 8(a)(2) requires a complaint to contain a short and plain statement setting forth facts with enough specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Under this Rule, group pleading is not permitted. Group pleading occurs when a complaint "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Richardson v. EzriCare, LLC, Civ. No. 23-3498, 2024 U.S. Dist. LEXIS 176899, at *4 (D.N.J. Sept. 30, 2024) (quoting Foulke v. Twp. of Cherry Hill, Civ. No. 23-02543, 2024 U.S. Dist. LEXIS 133168, at *7 (D.N.J. July 29, 2024)). The result is a pleading in which "it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" Ibid. (quoting Innovative Cosm. Concepts, LLC v. Brown Packaging, Inc., Civ. No. 18-5939, 2020 U.S. Dist. LEXIS 251516, at *2 (D.N.J. Apr. 28, 2020)).

Here, Plaintiff does not attribute any individual actions toward Defendant Soto or Defendant Moran, nor does he explain how either of them could have committed a Constitutional violation. Instead, Plaintiff sweepingly asserts that "Defendants refused to restore his pay and benefits," that "Defendants required Plaintiff to surrender issued equipment and personal property," and that "Defendants failed to properly account for and return certain personal property belonging to Plaintiff." Compl. ¶¶ 12, 15, 16. Plaintiff offers no allegations that either Defendant was involved in administering his workplace discipline. See id. ¶ 5. Plaintiff only asserts that Defendants are supervisory officials within the New Jersey State Police, not that either Defendant oversaw any aspect of Plaintiff's daily job performance or issued any discipline toward him. See ibid.

Under the second prong of his Section 1983 Count, Plaintiff needs to specifically allege how each Defendant committed a Constitutional violation. Plaintiff did not do this, so his Section 1983 claim against both Defendants must be dismissed.

## POINT II

## PLAINTIFF FAILS TO ASSERT VIABLE CAUSES OF ACTION FOR HIS SECOND AND THIRD COUNTS, AND THEY MUST THEREFORE BE DISMISSED

Plaintiff alleges two other Counts, which are "arbitrary and capricious actions" and "bad faith conduct." Compl. ¶¶ 25-26. These Counts are inapposite to Plaintiff's alleged facts and must be dismissed.

### A. Plaintiff's "Arbitrary and Capricious Actions" Claim Must Be Dismissed Because It Is Not a Cognizable Cause of Action

Plaintiff's second Count is a claim for "arbitrary and capricious actions." Compl. ¶ 25. "Arbitrary and capricious actions" is not a cognizable basis for a legal claim. Rather, it is a standard of review appellate courts use when reviewing agency decisions. See 5 U.S.C. § 706(2)(A) (stating that federal courts shall set aside agency decisions that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370 (2013) (stating that New Jersey appellate courts may reverse agency decisions that are "arbitrary, capricious, or unreasonable") (citing In re Petition for Rulemaking, 117 N.J. 311, 325 (1989)).

"Arbitrary and capricious actions" is not an independent avenue through which a plaintiff may seek legal relief. Furthermore, as discussed above, Plaintiff does not plead that he sought any administrative review of his workplace disciplinary actions or alleged personal property deprivation. Therefore, there is no underlying agency decision to which this standard of review is applicable, and Plaintiff's second Count must accordingly be dismissed.

### B. Plaintiff's "Bad Faith Conduct" Claim Must Be Dismissed Because It Is Inapplicable to the Facts of This Case

Plaintiff's final Count alleges "bad faith conduct." Although New Jersey courts do recognize "bad faith" as a viable cause of action, the facts as Plaintiff alleges them are entirely inapplicable to legal theories concerning bad faith.

"Bad faith" can refer to a tort based in insurance law. This tort is applicable against insurance agencies, and its elements are that the insurer: (1) lacked a "fairly debatable" reason for its failure to pay an insurance claim and (2) knew or recklessly disregarded the lack of a reasonable basis for denying the claim. See Pickett v. Lloyd's, 131 N.J. 457, 481 (1993); Tarsio v. Provident Ins. Co., 108 F. Supp. 2d 397, 400-01. (D.N.J. 2000). "Bad faith" is also a method to substantiate a contract claim for breach of the implied covenant of good faith and fair dealing. See Seidenberg v. Summit Bank, 348 N.J. Super. 243, 260 (App. Div. 2002) ("[T]he application of the implied covenant of good faith and fair dealing has addressed three distinct type of situations (sic)...(2) when bad faith served as a pretext for the exercise of a contractual right to terminate....") (citing Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc., 69 N.J. 123, 130 (1976)).

Plaintiff's allegations are far afield from these contract-based claims. Plaintiff does not state he filed an insurance claim with either Defendant or that he entered into a contract with either Defendant. Therefore, Plaintiff's "bad faith conduct" Count must be dismissed.

## CONCLUSION

For these reasons, it is respectfully requested that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Nicholas W. Turgiss
Nicholas W. Turgiss
Deputy Attorney General

DATED: June 24, 2026