# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# PROPOSED ORDER

THIS MATTER having come before the Court upon Defendants' Motion to Dismiss and Plaintiff's opposition thereto, and the Court having considered the parties' submissions;

**IT IS on this** 17 **day of** July**, 20**26**, ORDERED that:**

1. Defendants' Motion to Dismiss is DENIED; or

2. In the alternative, to the extent the Court determines that any claim has not been sufficiently pleaded, Plaintiff is granted leave to file a First Amended Complaint within thirty (30) days of the date of this Order;

3. Such other and further relief as the Court deems just and proper is granted.

[signature]

HON. KAREN M. WILLIAMS

United States District Judge

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, individually, and Captain Thomas Moran, individually, Defendants.**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# NOTICE OF OPPOSITION

PLEASE TAKE NOTICE that Plaintiff, Montel Pitt, appearing pro se, respectfully opposes Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this opposition, Plaintiff relies upon the accompanying Brief in Opposition, any declaration or certification submitted therewith, the exhibits attached to the filing, the pleadings and papers of record, and such further argument as the Court may permit. Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. Alternatively, if the Court determines that any claim has not been sufficiently pleaded, Plaintiff respectfully requests leave to file an amended complaint.

Respectfully submitted,

Montel Pitt

Montel Pitt, Plaintiff Pro Se
20 Chestnut Avenue
Cape May Court House, NJ 08210
(609) 741-9587
Montelp95@yahoo.com

# TABLE OF CONTENTS


| Section | Page |
|---|---|
| Cover Page | i |
| Notice of Opposition | 1 |
| Table of Contents | 2 |
| Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss | 3 |
| Certification / Declaration of Montel Pitt | TBD |
| Motion for Leave to File Out of Time (if applicable) | TBD |
| Request for Leave to Amend Complaint | TBD |
| Proposed Order | TBD |
| Certificate of Service | TBD |
| Exhibit Index | TBD |
| Exhibit A – Complaint | A-1 |
| Exhibit B – Criminal Dismissal Records | B-1 |
| Exhibit C – Brady/Giglio Rescission | C-1 |
| Exhibit D – OPS Disciplinary Documents | D-1 |
| Exhibit E – OPS Investigation Records | E-1 |
| Exhibit F – OPS Emails | F-1 |
| Exhibit G – Attorney Representation Letter | G-1 |
| Exhibit H – Discovery Correspondence | H-1 |
| Exhibit I – Payroll/Employment Records | I-1 |
| Exhibit J – Federal Docket/PACER Filings | J-1 |


Update the page numbers after the final opposition brief is assembled.

# UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

**Montel Pitt**, Plaintiff

v.

**Major Fidiberto Soto, individually,**
**Captain Thomas Moran, individually**, Defendants

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# PLAINTIFF'S OPPOSITION PACKET

## Opposition to Defendants' Motion to Dismiss

Submitted by:

Montel Pitt
Plaintiff, Pro Se
20 Chestnut Avenue
Cape May Court House, NJ 08210
(609) 741-9587
Montelp95@yahoo.com

United States District Court
District of New Jersey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

MONTEL PITT,

Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually, and CAPTAIN THOMAS MORAN, individually,

Defendants.

Hon. Karen M. Williams, U.S.D.J.
Hon. Matthew J. Skahill, U.S.M.J.

Civil Action No. 1:26-cv-03645 (KMW) (MJS)

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Montel Pitt, Plaintiff Pro Se
20 Chestnut Avenue
Cape May Court House, New Jersey 08210
(609) 741-9587
Montelp95@yahoo.com

Plaintiff Montel Pitt respectfully submits this Brief in Opposition to Defendants' Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). In the alternative, if the Court concludes that the original pro se Complaint requires additional factual detail or corrected legal labels, Plaintiff requests leave to file a curative amended complaint.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 5
QUESTIONS PRESENTED .......... 7
STATEMENT OF FACTS .......... 8
STANDARD OF REVIEW .......... 11
ARGUMENT .......... 14
POINT I - THE COMPLAINT SHOULD BE LIBERALLY CONSTRUED .......... 14
POINT II - PLAINTIFF ADEQUATELY IDENTIFIED PROTECTED INTERESTS .......... 18
POINT III - THE PROCESS ARGUMENT DOES NOT WARRANT DISMISSAL WITH PREJUDICE .......... 24
POINT IV - PERSONAL INVOLVEMENT CAN BE CURED BY AMENDMENT .......... 29
POINT V - COUNTS II AND III SHOULD BE CONSTRUED AS FACTUAL THEORIES OR DISMISSED WITHOUT PREJUDICE .......... 34
POINT VI - LEAVE TO AMEND IS REQUIRED .......... 37
CONCLUSION .......... 40

## TABLE OF AUTHORITIES

Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) ........................................ passim
Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000) ........................................ 24-27
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................. 11-13
Bd. of Regents v. Roth, 408 U.S. 564 (1972) ......................................... 18-21
Erickson v. Pardus, 551 U.S. 89 (2007) ................................................ 14-16
Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) .................... 11-15
Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) ........... 37-39
Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) ................. 18-25
Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) ............ 11-16
Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) .......................... 29-33
Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000) ...................................... 37-39
West v. Atkins, 487 U.S. 42 (1988) ...................................................... 17, 29
Fed. R. Civ. P. 8(a)(2) ............................................................................ passim
Fed. R. Civ. P. 12(b)(6) .......................................................................... passim
Fed. R. Civ. P. 15(a)(2) .......................................................................... 37-39

## PRELIMINARY STATEMENT

Defendants ask the Court to terminate this action at the pleading stage because Plaintiff's original three-page pro se Complaint did not provide every fact or use the most precise legal labels. Their motion does not establish that Plaintiff can prove no set of facts supporting relief. At most, it identifies curable pleading deficiencies. Third Circuit precedent directs that a pro se civil-rights plaintiff ordinarily receive an opportunity to amend unless amendment would be inequitable or futile.

The original Complaint gave Defendants fair notice of the core dispute: Plaintiff is a New Jersey State Trooper who was suspended without pay after an off-duty arrest; Defendants allegedly obtained video evidence showing that Plaintiff was the victim; the criminal case was dismissed; Plaintiff nevertheless was not restored to full duty, pay, benefits, or property; and the challenged employment restrictions continued. Defendants' own Statement of Facts accurately identifies these allegations. See Defs.' Br. at 1-2, ECF No. 9-1.

Defendants principally argue that Plaintiff did not identify a protected property interest, did not describe the process available to him, did not allege conduct shocking the conscience, and did not attribute specific actions to Soto and Moran. Those arguments may support requiring a more definite amended pleading; they do not justify dismissal with prejudice. Plaintiff has since received internal records and disciplinary materials that permit him to plead the chronology, the employment decisions, the identity and roles of responsible officials, the property taken, and the procedures pursued with far greater particularity.

## PRELIMINARY STATEMENT (CONTINUED)

Plaintiff does not ask the Court to decide disputed facts or to convert this motion into summary judgment. He asks the Court to apply Rule 8, construe his pro se allegations liberally, accept the well-pleaded facts as true, and draw reasonable inferences in his favor. If the Court determines that the original Complaint does not cross the plausibility threshold, the proper remedy is dismissal without prejudice and leave to amend, not termination of the case before Plaintiff has had one meaningful opportunity to cure.

Plaintiff also recognizes that “arbitrary and capricious actions” and “bad faith conduct,” as separately captioned counts, may not constitute independent causes of action in the form pleaded. Those labels should not obscure the factual allegations underneath them. The Court may construe those allegations as supporting the due-process claim, or dismiss those two labels without prejudice while permitting a properly framed amended complaint. The federal rules favor decisions on the merits rather than forfeiture based on imperfect terminology used by a self-represented litigant.

Accordingly, the motion should be denied. Alternatively, the Court should grant Plaintiff a defined period to file a First Amended Complaint specifying the source of his protected interests, the procedures he pursued and why they were inadequate or delayed, the personal acts of each defendant, and the recognized legal theories arising from the facts.

## QUESTIONS PRESENTED

1. Whether a pro se civil-rights complaint alleging an unpaid suspension, continued restricted duty, failure to restore pay and benefits after dismissal of criminal charges, and retention of personal property should be liberally construed and evaluated on its factual substance rather than dismissed with prejudice because it used imperfect legal labels.

2. Whether Defendants have shown that Plaintiff can plead no protected property or liberty interest where the Complaint alleges loss of wages, benefits, employment status, and personal property, and where Plaintiff can identify additional state-law, employment, and factual bases in an amended pleading.

3. Whether alleged deficiencies concerning available state procedures and personal involvement warrant dismissal with prejudice, or instead warrant leave to amend under the Third Circuit's curative-amendment rule.

4. Whether Counts II and III should be construed as factual theories supporting recognized claims, or dismissed without prejudice with permission to replead those facts under cognizable causes of action.

## STATEMENT OF FACTS

For purposes of Rule 12(b)(6), the Court must accept the Complaint's well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. Plaintiff is employed as a New Jersey State Trooper. Compl. ¶ 4. On June 30, 2024, he was involved in an off-duty incident in North Wildwood, New Jersey, during which he alleges that a security guard assaulted him and that police nevertheless arrested and charged him. Compl. ¶¶ 6-8; Defs.' Br. at 1.

Plaintiff was suspended without pay beginning July 8, 2024. Compl. ¶¶ 8, 10. During the suspension, Defendants allegedly obtained video evidence supporting Plaintiff's position that he was the victim. Compl. ¶ 9. Plaintiff later returned to work but was placed on restricted light-duty status and remained restricted when the Complaint was filed. Compl. ¶ 13.

Plaintiff further alleged that the criminal case was dismissed, yet his pay and benefits were not restored. Compl. ¶ 12. He alleged that employment-related equipment and personal property were surrendered and that certain personal property was not properly accounted for or returned. Compl. ¶¶ 15-16. Defendants' motion accepts that these are the subjects of the pleading, but argues that the details are insufficient. Defs.' Br. at 1-2, 6-10.

## STATEMENT OF FACTS (CONTINUED)

The original Complaint was filed before Plaintiff had access to the complete OPS investigation materials and before later disciplinary developments clarified the decision-making chain. Plaintiff has since obtained records that can be used in a curative amendment to identify the property at issue, the dates and nature of the employment restrictions, the procedures he pursued, the later disposition of the criminal matter, and the individual officials involved in particular decisions. Plaintiff does not rely on those later materials to alter the Rule 12(b)(6) record; he identifies them to demonstrate that amendment is not futile.

Defendants characterize the case as a mere subjective disagreement with discipline. Defs.' Br. at 8-9. The Complaint, liberally read, alleges more: a lengthy unpaid suspension, the acquisition of exculpatory video, dismissal of the criminal case, continued restricted status, non-restoration of compensation and benefits, and failure to return personal property. Whether those actions were authorized, whether adequate process occurred, and which officials caused the continued deprivation are matters that can be pleaded with specificity and then tested on a developed record.

At this stage, the Court need not determine whether Plaintiff will ultimately prevail. The question is whether the factual allegations, construed liberally, plausibly identify a deprivation by state actors, or at minimum whether Plaintiff should receive leave to supply the detail the motion says is missing.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the plaintiff's ability to prove the claim. The Court identifies the elements of the claim, disregards purely legal conclusions, accepts well-pleaded factual allegations as true, and determines whether those facts plausibly support relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Plausibility does not require probability, and the complaint need not contain detailed evidence.

The Third Circuit instructs that a court must accept all factual allegations as true and draw reasonable inferences in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 231-34 (3d Cir. 2008). Rule 8 requires fair notice and a plausible factual basis; it does not require a claimant to plead every evidentiary detail or prove the case in the complaint.

A pro se pleading must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction does not eliminate Rule 8, but it requires the Court to evaluate substance over form and to avoid treating inartful legal labels as fatal where the factual allegations may support a recognized claim.

## STANDARD OF REVIEW (CONTINUED)

Most importantly, when a complaint is vulnerable to Rule 12(b)(6), the Third Circuit generally requires an opportunity for curative amendment unless amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108, 114 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). This rule is particularly important where a plaintiff filed pro se and has not yet had an opportunity to amend in response to a defendant's detailed pleading challenge.

Futility means that the amended complaint would still fail as a matter of law. It is not enough to say that the original complaint omitted facts. Here, the motion itself identifies information that could cure the pleading: the source of Plaintiff's employment entitlement, identification of personal property, description of procedures pursued, and individualized allegations concerning Soto and Moran. Plaintiff can supply those facts. The proposed amendment therefore cannot be declared futile merely because the original pleading was abbreviated.

For these reasons, the Court should deny the motion or, at minimum, dismiss without prejudice and permit amendment. The remaining parts of this opposition address each of Defendants' arguments in the order presented in their brief.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MONTEL PITT,

Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually, and CAPTAIN THOMAS MORAN, individually,

Defendants.

Hon. Karen M. Williams, U.S.D.J.
Hon. Matthew J. Skahill, U.S.M.J.

Civil Action No. 1:26-cv-03645 (KMW) (MJS)

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## ARGUMENT

## POINT I

### THE COMPLAINT SHOULD BE LIBERALLY CONSTRUED AS ASSERTING A PROCEDURAL DUE PROCESS CLAIM

Defendants correctly recognize that Count I most naturally invokes procedural due process. Defs.' Br. at 4. Their motion nevertheless reads each omission against Plaintiff rather than construing the pleading as a whole. The Complaint alleges that state supervisory officials caused an unpaid suspension, continued restricted duty, non-restoration of pay and benefits after dismissal of criminal charges, and retention of personal property. Those allegations identify state-imposed deprivations and provide notice of the controversy.

Under West v. Atkins, 487 U.S. 42, 48-50 (1988), Section 1983 requires a deprivation of a federal right by a person acting under color of state law. Defendants do not dispute that NJSP supervisory officials act under color of state law when exercising disciplinary and employment authority. Their argument is instead that the Complaint lacks detail about the protected interests and personal involvement. Those are curable pleading questions, not reasons for prejudice-based dismissal.

The Court should interpret the Complaint to assert that Plaintiff had protected interests in compensation already earned or legally due, continued employment rights created by state law or employment rules, and possession of identifiable personal property. If the Court requires the specific statutory, regulatory, or contractual source, Plaintiff should be permitted to plead it after consultation of the governing NJSP employment framework and records.

## A. DEFENDANTS' DESCRIPTION OF THE COMPLAINT DOES NOT DEFEAT FAIR NOTICE

Defendants repeatedly emphasize that the Complaint is three pages. Defs.' Br. at 1, 12. Page count is not an element of Rule 8. The relevant question is whether the pleading gives fair notice and states facts supporting a plausible claim. A concise complaint can satisfy Rule 8, and a lengthy complaint can fail it. Plaintiff identified the incident, suspension period, video evidence, dismissal, continued light duty, pay and benefits, and property deprivation.

The motion demonstrates that Defendants understood the claims. Their brief separately addresses the unpaid suspension, restricted duty, and personal property. Defs.' Br. at 4-10. That ability to identify and respond to each alleged deprivation undercuts any claim of genuine lack of notice. The dispute is one of legal sufficiency and detail, not inability to understand what conduct is challenged.

Where a pro se litigant has alleged the core facts but omitted the most precise source of entitlement or identity of decisionmakers, the Third Circuit's ordinary remedy is amendment. Alston, 363 F.3d at 235-36. The Court should not convert the pleading rules into a trap that permanently bars potentially meritorious claims before discovery or a curative amendment.

## POINT II

## PLAINTIFF CAN PLEAD PROTECTED PROPERTY INTERESTS IN EMPLOYMENT-RELATED COMPENSATION AND PERSONAL PROPERTY

Defendants argue that Plaintiff failed to identify a legitimate property interest in employment or personal property. Defs.' Br. at 6-8. A procedural due process claim requires a deprivation of an interest encompassed by life, liberty, or property and constitutionally adequate procedures. Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Property interests arise from independent sources such as state law, rules, contracts, or mutually explicit understandings. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

The original Complaint alleged unpaid suspension, loss of pay and benefits, and continued restricted duty. Those allegations are not limited to a unilateral expectation of preferred work assignments. They concern compensation, benefits, and status allegedly withheld by governmental decision. Whether New Jersey law, NJSP rules, a collective-bargaining framework, civil-service protections, or other employment provisions create an entitlement is a legal and factual question that should be addressed on a properly pleaded record.

At minimum, Plaintiff can amend to identify the precise sources of entitlement and distinguish among continued employment, accrued compensation, earned leave, pension credit, benefits, and eligibility for overtime opportunities. Defendants' argument that the original Complaint did not cite those sources supports amendment; it does not prove that no such source exists.

## A. THE COMPLAINT ALLEGES MORE THAN A DESIRE FOR FULL-TIME WORK

Defendants characterize the claim as a supposed entitlement to "full-time employment during the pendency of disciplinary proceedings." Defs.' Br. at 7. That framing is incomplete. Plaintiff alleges that he was suspended without pay for approximately ten months, later returned on restricted duty, and was not restored pay or benefits after the criminal case was dismissed and video evidence allegedly showed he was the victim. Compl. ¶¶ 8-13.

The due-process inquiry may differ for each component. A claim to a particular assignment may be different from a claim to accrued compensation, earned leave, pension credit, or continued employment subject to for-cause protections. A curative complaint can separate those interests and plead the factual and legal source for each. Dismissal with prejudice based on Defendants' broad characterization would prematurely collapse distinct interests into one.

Defendants rely on Ditzel and related cases for the proposition that a public employee needs a statutory or contractual entitlement. Defs.' Br. at 6-7. Plaintiff does not dispute the need to identify a source of entitlement. He requests leave to do precisely that. The cited cases do not hold that a New Jersey State Trooper can never possess any protected interest in employment, compensation, benefits, or accrued leave.

## B. PERSONAL PROPERTY IS A CLASSIC PROPERTY INTEREST

The Complaint alleged that Plaintiff surrendered issued equipment and personal property and that certain personal property was not returned. Compl. ¶¶ 15-16. Defendants argue that the property was insufficiently described. Defs.' Br. at 7, 9-10. That criticism is curable. Plaintiff can identify the personal items, describe his ownership and right to possession, state when and by whom they were taken, and explain the requests he made for return.

Personal ownership and the right to exclusive possession are traditional property interests. Defendants' reliance on replevin principles confirms the relevant inquiry; it does not establish that Plaintiff owned nothing. A pleading omission concerning the item's description should result in leave to amend, especially where the government took the item during an employment-related seizure and the identity of the custodians may be contained in agency records.

Plaintiff can also clarify whether the deprivation was the result of an established procedure or a random unauthorized act. That distinction matters to the adequacy of pre- and post-deprivation process. The original Complaint did not have the benefit of the later-produced chain-of-custody and disciplinary materials. Amendment would allow the Court to evaluate the correct doctrine on concrete facts.

### C. THE COURT SHOULD NOT RESOLVE THE SOURCE OF ENTITLEMENT WITHOUT ALLOWING AMENDMENT

The motion asks the Court to infer from silence that Plaintiff had no legitimate entitlement. Rule 12(b)(6) permits dismissal where the pleaded facts negate a claim, but the omission of a legal source by a pro se plaintiff is not the same as an affirmative allegation that no source exists. Plaintiff should be allowed to cite the governing statutes, regulations, employment rules, and agreements after reviewing them.

This is not an attempt to amend solely through briefing. Plaintiff acknowledges that new facts belong in an amended complaint. The opposition explains why prejudice-based dismissal is inappropriate and identifies the categories of facts that will be added. Alston and Grayson require the Court to distinguish between an incurable legal defect and an abbreviated first pleading.

Accordingly, Point I.A.1 of Defendants' motion should be denied. Alternatively, the Court should grant leave to amend the protected-interest allegations with specificity.

## POINT III

## THE ALLEGED AVAILABILITY OF STATE PROCEDURES DOES NOT JUSTIFY DISMISSAL WITH PREJUDICE

Defendants next argue that Plaintiff failed to allege that he used available state procedures. Defs.' Br. at 8-10. Alvin v. Suzuki explains that a procedural due process claimant generally cannot complain of inadequate process while refusing available procedures. 227 F.3d 107, 116 (3d Cir. 2000). But the adequacy and availability of process depend on the actual procedures, timing, notice, opportunity to respond, impartiality, and remedies afforded.

The Complaint was silent concerning the full administrative chronology. Silence does not establish refusal. Plaintiff can amend to plead the OPS investigation, notices, discovery requests, hearing response, representation by employment counsel, efforts to obtain review, and ongoing adjudicatory process. Those facts directly answer the motion's assertion that no process was pursued.

Moreover, a procedure may exist on paper yet fail to provide timely or meaningful relief for a continuing deprivation. Plaintiff alleges continued light duty, withheld compensation and benefits, and unreturned property. The amended pleading can specify which harms remained unresolved, what procedures were invoked, when they became available, and why the relief was inadequate or delayed.

## A. PATSY AND ALVIN ADDRESS DIFFERENT QUESTIONS

Defendants correctly note that Patsy v. Board of Regents, 457 U.S. 496 (1982), generally eliminates an exhaustion prerequisite for Section 1983, while Alvin addresses whether a procedural deprivation has occurred when adequate process was available and refused. Defs.' Br. at 8. Plaintiff's position is not that the existence of any procedure is irrelevant. It is that the original Complaint's failure to narrate the procedure does not prove refusal or adequacy.

A curative pleading can identify the process actually pursued and distinguish between the initial unpaid suspension, later continued restrictions, back-pay determination, and property retention. Different decisions may involve different procedures and different decisionmakers. Treating them as one undifferentiated "disciplinary process" would obscure rather than resolve the constitutional inquiry.

Because these issues are fact dependent and Plaintiff can plead additional facts, the Court should not dismiss with prejudice under Alvin. At most, it should require a more particular statement of the procedures and alleged deficiencies.

### B. THE TORT CLAIMS ACT DOES NOT NECESSARILY RESOLVE THE PROPERTY THEORY

Defendants contend that the New Jersey Tort Claims Act provided an adequate post-deprivation remedy for personal property. Defs.' Br. at 9-10. That argument assumes the property loss resulted from a random and unauthorized act for which pre-deprivation process was impracticable. Plaintiff can amend to allege whether the surrender and retention were directed, documented, and maintained through official employment procedures.

If the deprivation flowed from an established governmental decision, the Parratt post-deprivation doctrine may not apply in the same manner. If it was random and unauthorized, the adequacy and practical availability of the asserted remedy can be evaluated on developed facts. The original Complaint's brevity does not permit a definitive classification.

Plaintiff therefore requests that the Court deny dismissal of the property theory or grant leave to amend with the item identification, chain of custody, requests for return, and procedural history.

## C. ONGOING PROCEDURES DO NOT AUTOMATICALLY MOOT PAST OR CONTINUING DEPRIVATIONS

Defendants' argument also overlooks timing. A process that begins after an extended unpaid suspension may be relevant to ultimate adequacy, but it does not automatically establish that all process was timely or sufficient. Likewise, a future administrative hearing may address discipline but not necessarily every claimed loss, including personal property or all collateral employment consequences.

Plaintiff's amended complaint can state the dates of notice, investigation, return to restricted duty, dismissal of charges, requests for restoration, later disciplinary notice, and hearing election. The Court can then assess due process based on the actual sequence rather than an assumption that some procedure must have cured every deprivation.

For these reasons, Defendants' procedural-availability argument should be denied or resolved through curative amendment, not dismissal with prejudice.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MONTEL PITT,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR FIDIBERTO SOTO, individually, and CAPTAIN THOMAS MORAN, individually,<br><br>Defendants. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>Civil Action No. 1:26-cv-03645 (KMW) (MJS)<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

**POINT IV**

**THE SUBSTANTIVE DUE PROCESS LABEL MAY BE DISMISSED WITHOUT PREJUDICE, BUT IT DOES NOT REQUIRE TERMINATION OF THE ACTION**

Defendants argue that the pleaded conduct does not shock the conscience. Defs.' Br. at 10-11. Plaintiff's primary theory is procedural due process, not an attempt to constitutionalize every employment disagreement through substantive due process. To the extent the original Complaint could be read as asserting a standalone substantive due process count, Plaintiff does not oppose clarifying or withdrawing that label in an amended complaint.

That concession does not support dismissal of the entire Section 1983 claim. Procedural and substantive due process are distinct doctrines. A failure to meet the conscience-shocking standard does not defeat a properly pleaded procedural claim concerning protected interests and inadequate process.

The Court may therefore decline to recognize a substantive due process theory while preserving Plaintiff's opportunity to amend the procedural theory. This narrower approach is consistent with Rule 15 and avoids deciding more than necessary.

## A. THE MOTION'S EXTREME-CONDUCT CASES DO NOT ADDRESS THE PROCEDURAL CLAIM

Defendants cite Rochin, Breithaupt, Daniels, Salerno, and Lewis to illustrate the demanding substantive due process standard. Defs.' Br. at 10-11. Those cases do not answer whether Plaintiff possessed protected property interests or received constitutionally adequate procedures. They address a different constitutional theory.

Plaintiff will frame the amended complaint to avoid doctrinal confusion. The focus will be on state-created interests, the timing and adequacy of process, individualized responsibility, and any other recognized claims supported by facts. The Court need not dismiss the action because an inartful first complaint used broad language such as "arbitrary" or "bad faith."

Accordingly, Point I.A.3 should be denied as a basis for wholesale dismissal. Any substantive due process theory may be dismissed without prejudice or omitted from the amended pleading.

## POINT V

## THE PERSONAL-INVOLVEMENT DEFICIENCY IS CURABLE AND WARRANTS LEAVE TO AMEND

Defendants argue that Plaintiff engaged in group pleading and did not identify what Soto or Moran individually did. Defs.' Br. at 11-12. Section 1983 requires personal involvement, which may be shown through personal direction, direct participation, or actual knowledge and acquiescence pleaded with particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff acknowledges that the original Complaint grouped Defendants together. But that defect is paradigmatically curable. Plaintiff can amend to identify each defendant's position, authority, communications, approvals, recommendations, and role in the suspension, continuation of restricted duty, equipment/property decisions, and restoration of pay or benefits, to the extent supported by records.

The motion does not establish that Soto and Moran had no involvement. It establishes that the original pleading did not describe their involvement. That distinction is decisive under Rule 15. A plaintiff should not lose the action with prejudice where the missing information can be supplied in an amended complaint and may be further developed in discovery.

### A. SUPERVISORY TITLE ALONE IS INSUFFICIENT, BUT SUPERVISORY ACTION IS ACTIONABLE

Plaintiff does not rely solely on respondeat superior. He understands that supervisory status alone does not create Section 1983 liability. The amended complaint will allege only actions for which there is a factual basis, including direct orders, approvals, personal participation, or knowing acquiescence in ongoing deprivations.

Defendants' own argument identifies the necessary cure: specify which defendant was responsible for which act or omission. Defs.' Br. at 12. Plaintiff can do so based on the OPS materials, personnel documents, correspondence, and decision records obtained after filing. The existence of those sources defeats a finding of futility.

If some challenged decisions were made by other officials, Plaintiff can use the existing John Doe allegations and seek leave to substitute the correct individuals after discovery. The Court should not require Plaintiff to guess, but should permit a focused amendment based on currently known facts and later substitution under the scheduling order.

### B. DISCOVERY IS PARTICULARLY RELEVANT TO INTERNAL DECISION-MAKING

Employment and disciplinary decisions within a law-enforcement agency are often reflected in internal recommendations, approvals, emails, personnel orders, and chains of command unavailable to an employee when a complaint is first filed. Rule 8 requires factual allegations, but it does not require a plaintiff to possess every internal document before discovery.

Plaintiff can plead the information presently known and identify allegations made on information and belief where the facts are peculiarly within Defendants' control, provided there is a factual basis. Discovery can then confirm which officials made or ratified the decisions. This is more consistent with federal pleading practice than dismissing the case with prejudice because a pro se plaintiff initially lacked internal records.

The Court should therefore deny Point I.B or grant leave to amend with individualized allegations. If the amended complaint still fails to connect a particular defendant to a constitutional deprivation, that defendant may renew the argument on the amended pleading.

## POINT VI

### COUNT II SHOULD BE TREATED AS A DESCRIPTION OF UNREASONABLE GOVERNMENTAL CONDUCT, NOT AS A BAR TO AMENDMENT

Defendants argue that "arbitrary and capricious actions" is a standard of administrative review rather than an independent damages cause of action. Defs.' Br. at 13. Plaintiff accepts that the phrase, standing alone, is not the clearest independent federal count. The Court should not, however, disregard the underlying factual allegation that governmental decisions were allegedly irrational, unsupported, and continued after material developments.

Those facts may support the procedural due process theory, an equal protection theory if adequate comparator and intent facts exist, a retaliation theory if protected activity and causation can be pleaded, or review in the appropriate administrative forum. The amended complaint will use recognized causes of action and will not rely on "arbitrary and capricious" as a free-standing Section 1983 count.

Accordingly, Count II may be dismissed without prejudice as mislabeled, while the underlying facts remain available to support properly pleaded claims. Dismissal of that label does not justify dismissal of the entire action or denial of amendment.

### A. THE ORIGINAL LABEL REFLECTED THE NATURE OF THE ALLEGED CONDUCT

A self-represented plaintiff may describe conduct in ordinary language rather than identify the exact doctrinal vehicle. The phrase "arbitrary and capricious" conveyed Plaintiff's allegation that employment restrictions and non-restoration were not reasonably connected to the known evidence and later case disposition. Liberal construction requires the Court to examine that substance.

The federal pleading rules do not require a complaint to cite the correct statute or legal theory where the factual allegations state a claim. The amended complaint will remove ambiguity by placing each factual allegation under a recognized count. That is the type of curative amendment Alston contemplates.

The Court should therefore reject Defendants' request for a prejudice-based ruling on Count II and instead permit correction of the legal label.

## POINT VII

## COUNT III'S "BAD FAITH" LABEL MAY BE CORRECTED WITHOUT PREJUDICE

Defendants contend that New Jersey bad-faith causes of action generally arise in insurance or contractual settings and do not fit the pleaded facts. Defs.' Br. at 14. Plaintiff did not allege an insurance claim or contract with Soto or Moran. He used "bad faith" to describe alleged intentional, knowing, or reckless governmental conduct.

Plaintiff will not insist on maintaining a standalone insurance-style bad-faith count. Instead, the amended pleading will incorporate any supported allegations of intent, knowledge, reckless disregard, retaliation, or acquiescence into recognized constitutional or state-law causes of action. This eliminates the doctrinal mismatch while preserving potentially relevant facts.

The appropriate ruling is therefore dismissal of Count III without prejudice and leave to replead the factual basis under cognizable claims, not dismissal of the entire case with prejudice.

### A. LEGAL LABELS SHOULD NOT OVERRIDE FACTUAL SUBSTANCE

The Supreme Court and Third Circuit require factual plausibility, not perfect claim naming by a pro se litigant. Plaintiff's use of "bad faith" may have been imprecise, but it signaled that he alleged more than negligence. Whether the evidence ultimately supports intentional conduct is a merits question. The pleading can be corrected to state only those mental-state allegations for which Plaintiff has a good-faith factual basis.

Defendants suffer no unfair prejudice from amendment. They have already identified the challenged factual subjects and briefed them. A First Amended Complaint will make the claims more focused, not expand them without notice.

For those reasons, Point II.B should not result in dismissal with prejudice.

## POINT VIII

## QUALIFIED IMMUNITY DOES NOT SUPPORT DISMISSAL WITH PREJUDICE BEFORE A CURATIVE AMENDMENT

Although Defendants' brief does not separately develop qualified immunity, any such defense depends on the constitutional right alleged and each defendant's conduct. Because the current dispute concerns missing factual specificity, qualified immunity cannot justify denying Plaintiff an opportunity to plead the specific decisions, knowledge, timing, and procedures at issue.

After amendment, Defendants may assert qualified immunity based on the allegations actually pleaded. At present, however, the Court should not decide that every possible curative allegation would fail to establish a clearly established right. Such a ruling would conflate the original complaint's brevity with futility of amendment.

The prudent course is to permit amendment and evaluate immunity on the clarified pleading.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MONTEL PITT,

Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually, and CAPTAIN THOMAS MORAN, individually,

Defendants.

Hon. Karen M. Williams, U.S.D.J.
Hon. Matthew J. Skahill, U.S.M.J.

Civil Action No. 1:26-cv-03645 (KMW) (MJS)

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## POINT IX

### THE COURT SHOULD EXPRESSLY GRANT LEAVE TO FILE A FIRST AMENDED COMPLAINT

Even if the Court agrees with every criticism of the original Complaint, Third Circuit law requires a meaningful opportunity to cure unless amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108, 114 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Plaintiff has not previously amended in response to a judicial ruling or Defendants' detailed objections.

Amendment would not be futile. Plaintiff can add the precise dates of suspension, return, criminal dismissal, continued restrictions, disciplinary notices, and property requests; identify the personal property; state the source of asserted employment and compensation interests; describe the processes pursued; and attribute supported acts to each defendant. These additions directly address every claimed deficiency in Defendants' brief.

There is no undue delay, bad faith, or prejudice. The case is at the pleading stage, no answer has been filed, and discovery has not begun. A focused amended complaint will narrow the issues and allow adjudication on a complete set of allegations.

## A. THE THIRD CIRCUIT'S CURATIVE-AMENDMENT RULE APPLIES WITH SPECIAL FORCE HERE

In Alston, the Third Circuit reiterated that, when a complaint is dismissed for failure to state a claim, the district court generally must permit a curative amendment unless amendment would be inequitable or futile. 363 F.3d at 235. Grayson applies the same principle and emphasizes that courts should not deny amendment merely because a plaintiff did not formally request it. 293 F.3d at 108, 114.

This case presents the classic reason for the rule. Plaintiff filed a concise complaint without counsel before receiving a detailed motion identifying each alleged omission. He now understands the need to separate legal theories, identify sources of entitlement, describe process, and plead personal involvement. Denying amendment would punish lack of legal drafting experience rather than test the merits.

Plaintiff therefore requests thirty days from the Court's order to file a First Amended Complaint. If the Court prefers, Plaintiff can submit a proposed amended complaint with a motion for leave under Rule 15(a)(2).

## B. THE AMENDED COMPLAINT WILL NOT IMPROPERLY RELY ON EVIDENCE OUTSIDE THE PLEADING

Plaintiff recognizes that an opposition brief cannot amend the complaint and that the Court generally may not consider outside evidence on a Rule 12(b)(6) motion. The references in this opposition to later-obtained materials are made solely to show that curative facts exist and amendment is not futile.

The amended complaint will plead facts, not attach an unnecessarily voluminous evidentiary record. Documents that are integral to the claims or suitable for judicial notice may be referenced as permitted by law. Other materials can be produced in discovery and used at summary judgment or trial.

This approach respects the procedural posture while preserving Plaintiff's opportunity to state his claims correctly.

## C. PROPOSED SCOPE OF THE CURATIVE AMENDMENT

The First Amended Complaint will organize the allegations chronologically and identify: (1) the June 30, 2024 incident; (2) the July 8, 2024 suspension; (3) acquisition and consideration of video evidence; (4) the return to restricted duty; (5) dismissal and expungement of the criminal matter; (6) continued light-duty, compensation, benefits, and overtime consequences; (7) the OPS investigation and hearing process; (8) property surrendered and not returned; and (9) the individual role of each named defendant.

The amended counts will rely only on recognized causes of action supported by facts. Plaintiff will clarify the procedural due process theory, evaluate any equal protection or retaliation theory based on particular facts, omit unsupported substantive due process language, and remove "arbitrary and capricious" and "bad faith" as standalone counts unless a valid independent legal basis exists.

This proposed scope confirms that amendment would sharpen the case rather than create confusion or unfair surprise.

## POINT X

### THE MOTION SHOULD NOT BE GRANTED WITH PREJUDICE

Defendants' proposed order would grant their motion without specifying whether dismissal is with or without prejudice. ECF No. 9-2. Because the alleged defects are pleading defects, any dismissal should expressly be without prejudice and accompanied by a deadline to amend.

A with-prejudice dismissal would be particularly inappropriate where Defendants' arguments themselves describe the additional facts needed: source of entitlement, property identification, process pursued, and personal involvement. Those matters are capable of amendment and are not foreclosed by controlling law.

The Court should therefore deny the motion. Alternatively, it should dismiss only the deficient counts without prejudice and grant Plaintiff thirty days to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. In the alternative, Plaintiff requests that any dismissal be without prejudice and that he be granted thirty days to file a First Amended Complaint curing the deficiencies identified by the Court.

Plaintiff further requests such other and further relief as the Court deems just and equitable.

Dated: July 17 ____________, 2026

Respectfully submitted,

/s/ Montel Pitt
MONTEL PITT, Plaintiff Pro Se
20 Chestnut Avenue
Cape May Court House, New Jersey 08210
(609) 741-9587
Montelp95@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

MONTEL PITT,

Plaintiff,

v.

MAJOR FIDIBERTO SOTO, individually, and CAPTAIN THOMAS MORAN, individually,

Defendants.

Hon. Karen M. Williams, U.S.D.J.
Hon. Matthew J. Skahill, U.S.M.J.

Civil Action No. 1:26-cv-03645 (KMW) (MJS)

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**[PROPOSED] ORDER**

THIS MATTER having been opened to the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), and the Court having considered the submissions of the parties, and for good cause shown;

IT IS on this ______ day of ___________________, 2026, ORDERED that Defendants' Motion to Dismiss is DENIED; or, in the alternative, any dismissal is WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may file a First Amended Complaint within thirty (30) days of this Order; and it is further

ORDERED that a copy of this Order shall be served upon all parties pursuant to the applicable Local Civil Rules.

____________________________________
HON. KAREN M. WILLIAMS, U.S.D.J.

## APPENDIX A - ARGUMENT CROSS-REFERENCE

Defendants' Preliminary Statement and Rule 12 standard - addressed in Part 1, pages 5-10.
Point I.A.1, protected property interests - addressed in Part 2, pages 13-17.
Point I.A.2, available state procedures - addressed in Part 2, pages 18-20.
Point I.A.3, substantive due process - addressed in Part 3, pages 21-22.
Point I.B, personal involvement and group pleading - addressed in Part 3, pages 23-25.
Point II.A, arbitrary and capricious label - addressed in Part 3, pages 26-27.
Point II.B, bad-faith label - addressed in Part 3, pages 28-29.
Leave to amend and requested relief - addressed in Part 4, pages 31-36.

## APPENDIX B - FILING CHECKLIST

1. Insert the date on the signature and certification pages.
2. Sign the brief and certification of service.
3. Confirm the Court's current filing deadline and whether leave to file out of time is required.
4. File the four PDF parts together as one opposition filing or merge them into one PDF before electronic submission.
5. Select ECF No. 9 as the motion being opposed.
6. Serve defense counsel at the address and email listed in the Notice of Appearance.
7. Retain the Notice of Electronic Filing and a complete copy of the submission.

## NOTICE REGARDING RECORD MATERIALS

This opposition is directed to the sufficiency of the original Complaint and the availability of curative amendment. Confidential OPS materials should not be publicly filed as exhibits unless necessary, properly redacted, and permitted by applicable confidentiality requirements or Court order. Plaintiff should rely principally on the allegations in the Complaint and legal authorities at the Rule 12(b)(6) stage.

If Plaintiff later submits a proposed amended complaint, he should plead facts supported by a good-faith basis and avoid attaching confidential investigative materials unless counsel or the Court determines that attachment is appropriate.

Nothing in this notice waives Plaintiff's right to rely on admissible records at the proper stage of litigation.

## FINAL RELIEF REQUESTED

Plaintiff respectfully requests: (1) denial of the motion; (2) alternatively, dismissal without prejudice; (3) thirty days to amend; (4) preservation of the claims against Doe defendants pending identification through discovery; and (5) such other relief as is just.

The opposition should be read as a whole. Each section responds to a specific argument in Defendants' brief, while the central request remains modest: permit this self-represented civil-rights plaintiff one meaningful opportunity to present a properly detailed amended complaint before terminating the action.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# CERTIFICATION / DECLARATION OF MONTEL PITT

I, Montel Pitt, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my personal knowledge: 1. I am the Plaintiff in this action and submit this declaration in support of my opposition to Defendants' Motion to Dismiss. 2. The facts stated in my opposition brief are based on my personal knowledge except where otherwise indicated. 3. Following my arrest, I was suspended from duty by the New Jersey State Police and later returned to work on light-duty status. 4. My criminal case was ultimately dismissed. I later received notice that the Brady/Giglio notification concerning me had been rescinded. 5. During the administrative process, I received OPS records, disciplinary documents, and related correspondence that provided additional factual information after I filed my original federal complaint. 6. Attached exhibits are true and correct copies of documents that I received or maintained in connection with the matters described in my filings. 7. If the Court determines that my original complaint lacks sufficient factual detail, I respectfully request leave to file an amended complaint incorporating the additional facts obtained after the complaint was filed. I declare under penalty of perjury that the foregoing is true and correct. Executed on: 07/17/2026

Montel Pitt Montel Pitt Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# REQUEST FOR LEAVE TO AMEND COMPLAINT (ALTERNATIVE RELIEF)

Plaintiff Montel Pitt, appearing pro se, respectfully requests, in the alternative, that if the Court determines any portion of the Complaint fails to state a claim, the Court grant Plaintiff leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## *Grounds for Request*

1. Plaintiff filed the original Complaint without the benefit of later-obtained administrative records and related documents.

2. Since filing, Plaintiff has obtained additional materials that may provide greater factual detail regarding the allegations and the roles of the individuals involved.

3. Amendment would allow Plaintiff to clarify factual allegations, identify supporting documents where appropriate, and address any pleading deficiencies identified by the Court.

4. Plaintiff seeks leave in good faith and not for purposes of delay.

5. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires.

WHEREFORE, Plaintiff respectfully requests that, if the Court concludes dismissal is warranted as to any claim, the dismissal be without prejudice and that Plaintiff be granted leave to file a First Amended Complaint within a time set by the Court.

Respectfully submitted,

[signature]

Montel Pitt, Plaintiff Pro Se
20 Chestnut Avenue
Cape May Court House, NJ 08210
(609) 741-9587
Montelp95@yahoo.com

Dated: 07/17/2026

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# PROPOSED ORDER

THIS MATTER having come before the Court upon Defendants' Motion to Dismiss and Plaintiff's opposition thereto, and the Court having considered the parties' submissions;

**IT IS on this ___ day of ___________, 20__, ORDERED that:**

1. Defendants' Motion to Dismiss is DENIED; or

2. In the alternative, to the extent the Court determines that any claim has not been sufficiently pleaded, Plaintiff is granted leave to file a First Amended Complaint within thirty (30) days of the date of this Order;

3. Such other and further relief as the Court deems just and proper is granted.

______________________________

HON. KAREN M. WILLIAMS

United States District Judge

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# CERTIFICATE OF SERVICE

I, Montel Pitt, certify that on 07/17/26, I served a true and correct copy of Plaintiff's Opposition Packet, including the accompanying filings, upon counsel for Defendants by the method indicated below:

Nicholas W. Turgiss, Deputy Attorney General
Office of the Attorney General of New Jersey
Attorney for Defendants

Method of Service (check all that apply):

■ CM/ECF electronic filing

■ Email

■ U.S. Mail

■ Certified Mail

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: 07/17/2026

Montel Pitt
Plaintiff, Pro Se
20 Chestnut Avenue
Cape May Court House, NJ 08210
(609) 741-9587
Montelp95@yahoo.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**Montel Pitt, Plaintiff**
v.
**Major Fidiberto Soto, et al., Defendants**

**Civil Action No. 1:26-cv-03645-KMW-MJS**

# MOTION FOR LEAVE TO FILE OPPOSITION OUT OF TIME

Plaintiff Montel Pitt, appearing pro se, respectfully moves for leave to file his opposition to Defendants' Motion to Dismiss after the applicable deadline. This request is made in good faith and not for purposes of delay.

In support of this motion, Plaintiff states:

1. Plaintiff has acted diligently in prosecuting this action.
2. Plaintiff has been gathering and reviewing records, including documents obtained through related administrative proceedings, in order to prepare a complete and accurate response.
3. Defendants will not be unfairly prejudiced by allowing the opposition to be filed because the case remains at the pleading stage.
4. Plaintiff respectfully requests that the Court accept the accompanying opposition brief in the interest of deciding this matter on its merits.
5. Alternatively, if the Court determines that any claim requires additional factual detail, Plaintiff requests leave to file an amended complaint.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and accept Plaintiff's opposition for filing, together with such other relief as the Court deems just and proper.

Respectfully submitted,

[signature]

Montel Pitt, Plaintiff Pro Se
20 Chestnut Avenue
Cape May Court House, NJ 08210
(609) 741-9587
Montelp95@yahoo.com

Dated: 07/17/2026

# New Jersey State Police Division Physician's Report

DATE: [illegible]

*This portion to be filled in by member*

| NAME | RANK | BADGE # | WORK PHONE & EXT. |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | |

| ASSIGNMENT | UNIT CODE | SUPERVISOR'S NAME & TELEPHONE | SUPERVISOR'S NAME & TELEPHONE |
|---|---|---|---|
| | [illegible] | | [illegible] |

REASON FOR VISIT

☐ Well Trooper Referral ☐ Sick Call ☐ P.T. Clearance
☐ FMLA ☐ Worker Comp

**DRUG ALLERGIES:**

List all medications you are taking *(prescription & over the counter)*:

**A.** *Check one:* ☐ Initial ☐ Secondary ☐ Final Report **B.** *Date of original sick leave:* ______

**C.** *Occurred on Duty?* ☐ Yes ☐ No *If Yes, Date of Accident:* ______

**D.** *Currently, I participate in Outside Employment/Volunteer Work (S.O.P. B17):* ☐ Yes ☐ No

## DIVISION PHYSICIAN'S REPORT

*Examination reveals:* BP: 100/60 (L) WT: ______ TEMP: ______ PULSE: ______

T/m.

Return from suspension - Drug Policy
will - Discussed process for RTW.
for RTW urine screening
Has court date (P) in a few weeks
Knows to call c updates on admin
status

*In my opinion, member is capable of performing:* ☐ Full Duty ☒ Temporary Limited Duty ☐ Temporary Off Duty

☐ *In my opinion, the performance of "outside employment or other activity" while on sick leave* ***will compromise*** *or delay the timely return of this trooper to full duty status and I am requesting the Superintendent review the request for outside employment.*

☐ *In my opinion, the performance of "outside employment or other activity" while on sick leave* ***will NOT compromise*** *or delay the timely return of this trooper to full duty status.*

5/1/25

P.T. Clearance: ☐ Yes ☐ No ☐ Alternate P.T. Clearance

*If Temporary Limited Duty:* Semi-annual Firearms Qualification Clearance: ☐ Yes ☐ No

☐ ADMINISTRATIVE ONLY - NON COMBATIVE, NON CONFRONTATIONAL

☐ NO DIVING ☐ NO FLYING ☐ SHIFT RESTRICTION: ______

☐ EIGHT-POINT LETTER RECEIVED

**Date member will report for further examination by Division Physician:** Will call

Member will consult with physician: ______ Date: ______

[signature] *Signature of Division Physician*

[signature] *Signature of Member (Denotes awareness of findings.)*

**THIS FORM IS FOR THE USE OF STATE POLICE DIVISION PHYSICIANS ONLY!**

This form is to be used for enlisted State Police personnel only. S.P. 193 (Rev. 07/10) (S.O.P. C31, S.O.P. C33)

White: MEDICAL SERVICES UNIT Yellow: MEMBER'S COPY

State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF STATE POLICE

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

POST OFFICE BOX 7068
WEST TRENTON, NJ 08628-0068
(609) 882-2000

JENNIFER DAVENPORT
*Acting Attorney General*

JEANNE HENGEMUHLE
*Acting Superintendent*

May 12, 2026

Trooper Montel Pitt #9207,

On July 8, 2024, you were issued a Brady/Giglio notification letter detailing your responsibilities under the Department of Law and Public Safety Brady and Giglio Policy, due to a pending petty disorderly persons offense within the jurisdiction of North Wildwood Municipal Court (#0507-S-2024-000078). As this charge did not result in a conviction and has since been expunged, the Giglio finding related to this case is hereby vacated. The previous Brady/Giglio notification letter issued to you is rescinded.



**PREPARED BY COURT**

IN THE MATTER OF
THE EXPUNGEMENT OF
THE CRIMINAL/JUVENILE RECORDS OF
MONTEL J. PITT

**MUNICIPAL COURT OF NEW JERSEY**
**NORTH WILDWOOD MUNICIPAL COURT**

**Expungement Docket #: XP-CPM-25-001549**

**Civil Action**

**EXPUNGEMENT ORDER**

**THIS MATTER** having resulted in an arrest/charge not resulting in a conviction or adjudication of delinquency (dismissal, acquittal, discharge without a finding of guilt) for **MONTEL J. PITT born October 31, 1995,** and it appearing that the requirements for Expungement under N.J.S.A. 2C:52-6, have been satisfied;

**I/M/O MONTEL J. PITT** **XP-CPM-25-001549**

**IT IS ORDERED** this **17th day of June, 2025** that:

The Attorney General of New Jersey,
The Superintendent of the New Jersey State Police, Expungement Unit,
The Prosecutors of the following counties:
**Cape May**
The Administrators of the following Municipal Courts:
**North Wildwood Municipal Court**
The Chiefs of the following County Probation Division(s):
**Cape May**
The Warden of the following county jails:
**Cape May**
The County Identification Bureau (Sheriff's Department):
**Cape May**
The Chiefs of the following Police Departments:
**North Wildwood Police Dept**

remove from their records all information relating to petitioner, for the following:

(1) Petitioner was arrested/taken into custody on 06/30/2024 for:

**ACS case details**
**S-2024-000078-0507** **North Wildwood City**
N.J.S.A. 2C:33-2A(1) DISORDERLY CONDUCT-IMPROP BEHA - DEGREE P

and remove all records concerning the subsequent criminal and/or juvenile proceedings regarding such arrest(s), charge(s), dismissal(s), or disposition(s), if applicable, and place such information in the control of a person within the office designated to retain control over expunged records.

**IT IS FURTHER ORDERED** that any of the above officers or agencies which sent fingerprints and/or any records of the above arrest/charge/disposition and proceedings to the Federal Bureau of Investigation or any other office or agency shall notify same of this Order and that the agencies designated to retain such records take sufficient precautions to insure that such records and information are not released.

**IT IS FURTHER ORDERED** that any records, or the information therein, shall not be released except as provided under the provision of N.J.S.A. 2C:52-1, *et seq.*, and that the persons designated to retain control over expunged records take sufficient precautions to insure that such records and information are not released.

**IT IS FURTHER ORDERED** that in response to requests for information or records, the court office or

law enforcement agency shall reply with respect to the arrest/charge/disposition, which is the subject of this Order, that there is no record.

**IT IS FURTHER ORDERED** that the arrest/charge/disposition, which is the subject of this Order, shall be deemed not to have occurred, and the individual may answer accordingly any question relating to this occurrence pursuant to N.J.S.A. 2C:52-27.

**IT IS FURTHER ORDERED** that this Order does not expunge the records contained in the Controlled Dangerous Substances Registry (C.26:2G-17 *et seq.*) or the registry created by the Administrative Office of the Courts pursuant to N.J.S.A. 2C:43-21.

**Date: 06/17/2025** **/s/ JUDGE JAMES P GRIMLEY**

**Additional Information Regarding State Police Expungement Status Portal**:
After a judge signs your granted expungement order, the order will be transmitted to law enforcement agencies who are responsible for removing expunged records from their files. One of those law enforcement agencies is the New Jersey State Police (NJSP), which is responsible for removing expunged criminal complaints from the Computerized Criminal History (CCH) system that the NJSP uses to respond to criminal history background checks. The NJSP maintains its own Expungement Status Portal for you to track whether it has processed your expungement order. You can sign up for an account to access the NJSP Expungement Status Portal and track your expungement order by visiting **https://expungement.njsp.gov/**. For any questions concerning the Expungement Status Portal or registration process, please contact the NJSP at **(609) 671-7900**.