*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

July 28, 2026

**Via ECF**
Hon. Karen M. Williams, U.S.D.J.
Mitchel H. Cohen U.S. Courthouse
4th & Cooper Streets
Courtroom 4A
Camden, NJ 08101

Re: Pitt v. Soto, et al.
Docket No. 1:26-cv-03645 (KMW) (MJS)

Dear Judge Williams:

This office represents defendants Major Fidiberto Soto and Captain Thomas Moran (collectively, "Defendants") in the above-captioned matter. Please accept this letter brief in lieu of a more formal Reply to plaintiff Montel Pitt's ("Plaintiff") Opposition to Defendants' Motion to Dismiss for Failure to State a Claim.

## ARGUMENT

## POINT I

### PLAINTIFF'S SECTION 1983 CLAIM MUST BE DISMISSED BECAUSE THE COMPLAINT CONTAINS NO FACTS SHOWING THAT ANY DUE PROCESS RIGHTS WERE VIOLATED BY A PERSON ACTING UNDER COLOR OF STATE LAW

Plaintiff's principal cause of action is a Section 1983 Due Process violation. As such, it is Plaintiff's burden to allege facts showing (1) a violation of a right covered by the Fourteenth Amendment's Due Process Clause and (2) that a person acting under color of state law committed any such violation. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

Plaintiff's Complaint does not contain facts to satisfy either Section 1983 prong. Plaintiff does not plead that he was deprived of any Procedural Due Process rights such as hearings,

notices, appeals, or other kinds of procedural safeguards. Additionally, there is no pled "egregious" or "shocking" conduct that would plausibly state a Substantive Due Process violation. Moreover, despite the lack of a well-pleaded Due Process violation, Plaintiff provides no facts that either Defendant caused or had any involvement in Plaintiff's complained-of workplace discipline and property confiscations. Therefore, the first Count of Plaintiff's Complaint must be dismissed for failure to state a claim.

A. Plaintiff Does Not Plead Facts Showing He Experienced a Due Process Violation

There are two types of Due Process protections under the Fourteenth Amendment: Procedural Due Process and Substantive Due Process. To plead a Procedural Due Process claim under Section 1983's first prong, a plaintiff must allege facts that (1) he was deprived of an individual interest encompassed within the Fourteenth Amendment's protection of "life, liberty, or property" and that (2) the procedures available to him did not provide "due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). When the first Section 1983 prong is based on a Substantive Due Process claim, the complaint must allege extraordinarily "egregious" or "shocking" conduct that has no place in the concept of ordered liberty. See United States v. Salerno, 481 U.S. 739, 746 (1987); Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citations omitted). The Complaint's facts fail to state a claim under Section 1983's first prong for both Due Process theories, and dismissal of Plaintiff's first Count is therefore appropriate.

1. Plaintiff fails to plead the first element of a Procedural Due Process claim because the Complaint contains no facts that he was entitled to avoid disciplinary actions or that he had a legitimate ownership interest in any items of physical property

Plaintiff argues in his Opposition submissions that the Complaint outlines a lengthy disciplinary process, an unpaid suspension, the acquisition of an exculpatory video, dismissal of a criminal case, continued restricted light duty status, and non-restoration of benefits. Plf.'s Opp

Br. at 8, 14. Plaintiff also states that these facts were pled to be sufficiently recognizable. See id. at 13.

Although the Complaint's facts are cogent and recognizable, they do not state a legal claim upon which relief can be granted. The mere assertion that these disciplinary actions occurred is insufficient to lead to a plausible inference that Plaintiff had a protectable Fourteenth Amendment property interest concerning his work assignments, compensation, and benefits. Instead, Plaintiff must plead facts that he had a *procedural entitlement to avoid* an unpaid suspension, non-restoration of benefits, and continued restricted light duty status while his disciplinary processes were ongoing or after they concluded. See Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)) (requiring a "legitimate entitlement" to continued employment to state a Procedural Due Process Section 1983 claim). Plaintiff's pleadings offer no source of procedural entitlement to avoid these disciplinary actions, so he therefore fails to plead that he had a Fourteenth Amendment property interest in these benefits and payments.

Plaintiff likewise does not allege any facts that he had a legitimate ownership interest over any items of physical property. Plaintiff states that he "surrendered" issued equipment and personal property. Plf.'s Opp. Br. at 16 (citing Compl. ¶¶ 15-16). Plaintiff further contends that he needs certain chain of custody documents to plead ownership over these items of property. Ibid.

First, Plaintiff never had any ownership interest in his issued equipment. Those items would have always belonged to his employer, not to Plaintiff himself. Plaintiff naturally cannot establish a Fourteenth Amendment property interest over items that do not belong to him. Second, despite the allegation that Defendants seized his own "certain personal property," Plaintiff does not even provide a cursory description of what that personal property was. Aside from the observation that Plaintiff did not plead facts exhibiting a legal ownership interest over

his "certain personal property," if Plaintiff believes that his employer confiscated his personal items, he does not need government records to state what those items were. If those items were entirely within Plaintiff's dominion and control prior to the "employment-related seizure," he should be able to give at least a general description of those confiscated items. See Plf.'s Opp. Br. at 16.

Consequently, Plaintiff pleads no facts that he had a legitimate ownership interest over any items of personal property. Upon a motion to dismiss, Defendants do not need to "establish that Plaintiff owned nothing"; Plaintiff must instead plead facts that he plausibly owned *something*. See ibid. Therefore, Plaintiff similarly fails to plead that he had a Fourteenth Amendment property interest in any items of personal property, and his First Count must be dismissed.

2. Plaintiff fails to plead the second element of a Procedural Due Process claim because he provides no facts that he used available processes to resolve his alleged deprivations or that any available processes were inadequate

Apart from not pleading facts that he had a protectable property interest under the Fourteenth Amendment, Plaintiff likewise offers no facts that he pursued any processes to address his alleged property deprivations or that any available processes were insufficient to fix those deprivations. Thus, Plaintiff further fails to state a Procedural Due Process claim under Section 1983's first prong, so dismissal of his first Count is therefore warranted.

"In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Ibid. (citations omitted). "Under the jurisprudence, a procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff

has not availed himself of those remedies." Ibid. (citing Zinermon v. Burch, 494 U.S. 113, 126 (1990)).

Because Plaintiff brings a Procedural Due Process claim, Plaintiff must make a threshold factual allegation that he either took advantage of all available processes for his employment discipline and alleged personal property deprivations or that any available processes covering same were patently inadequate. See Chey v. Labruno, 608 F. Supp. 3d 161, 177-78 (D.N.J. 2022) (granting the defendants' motion to dismiss a Procedural Due Process claim under Rule 12(b)(6) because the plaintiff's failure to plead that she appealed a handgun permit denial was "fatal to [her] claim").

Plaintiff here makes no allegations that he used available procedural means to address his disciplinary actions or his "surrender" of personal property items. Similarly, Plaintiff does not attempt to allege that applicable procedures covering his circumstances were unavailable or that applicable procedures were available but were otherwise patently inadequate. Therefore, his Procedural Due Process claim is facially defective and must be dismissed for failure to state a claim. See ibid.

Plaintiff's Opposition papers overemphasize Alvin's use of the word "refusal." Plf.'s Opp. Br., at 18-19. Dismissal of a Procedural Due Process claim under Rule 12(b)(6) is appropriate not only when the plaintiff showcases recalcitrance in pursuing available state remedies. See Alvin, 227 F.3d at 116. Rather, a plaintiff's failure to plead that they pursued any state remedies or why state remedies where wholly inadequate warrants dismissal for failure to state a claim. See ibid.; Chey, 608 F. Supp. 3d at 177-78. Plaintiff pleads no such facts in the present Complaint, and dismissal of the first Count is therefore appropriate.

3. Plaintiff does not plead facts that support a Substantive Due Process claim

As Defendants state in their Moving Brief, a Section 1983 claim based on a Substantive Due Process theory requires significant "shocking" or "egregious" conduct. See Defs.' Moving Br.

at 10-11. Plaintiff concedes in his Opposition papers that his pleaded facts are not sufficiently shocking or egregious under a Substantive Due Process theory to survive a motion to dismiss. See Plf.'s Opp. Br. at 22 ("To the extent the original Complaint could be read as asserting a standalone substantive due process count, Plaintiff does not oppose clarifying or withdrawing that label in an amended complaint."). Therefore, the Court should dismiss Plaintiff's Complaint insofar as it asserts a Substantive Due Process claim.

### B. Plaintiff Does Not Plead Facts Showing that Either Defendant Had Any Involvement in His Employment Discipline or His Alleged Property Deprivations

Notwithstanding the fact that Plaintiff does not adequately plead a Due Process violation under Section 1983's first prong, Plaintiff likewise does not provide any facts explaining what either Defendant Soto or Defendant Moran did to commit a Due Process violation. Thus, Plaintiff does not plead sufficient facts to satisfy Section 1983's second prong, meaning that the first Count must be dismissed.

Plaintiff needs to plead that Defendants had "personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (noting that damages claims against a government official were properly dismissed for lack of personal involvement). "[A]llegations of personal direction or of actual knowledge and acquiescence" can help prove personal involvement, but such allegations must "be made with appropriate particularity." Rode, 845 F.2d at 1207.

Plaintiff admits in his Opposition papers that the Complaint engaged in "group pleading" and did not allege what actions Defendants took that could have led to any Due Process violations. See Plf.'s Opp. Br. at 24; see also Compl. ¶¶ 5, 12, 15, 16 (alleging only that "Defendants are supervisory officials within the New Jersey State Police [not Plaintiff's direct supervisors]," that "Defendants refused to restore his pay and benefits," that "Defendants

required Plaintiff to surrender issued equipment and personal property," and that "Defendants failed to properly account for and return certain personal property belonging to Plaintiff").

Accordingly, Plaintiff does not plead facts supporting Section 1983's second prong, and Plaintiff's first Count must correspondingly be dismissed.

## POINT II

## PLAINTIFF'S SECOND AND THIRD COUNTS ARE NOT COGNIZABLE OR APPLICABLE LEGAL CLAIMS AND MUST BE DISMISSED

Under the "Claims" section of the Complaint, Plaintiff asserts "arbitrary and capricious actions" as his second Count and "bad-faith conduct" as his third Count. Compl. ¶¶ 25, 26. Defendants argued in their Moving Brief that "arbitrary and capricious actions" is not a viable cause of action and that a "bad faith" claim would be inapplicable to Plaintiff's alleged facts. See Defs.' Moving Br. at 13-14.

Plaintiff substantively agrees with Defendants' arguments concerning these two Counts. See Plf.'s Opp. Br. at 27-29. Plaintiff instead states that he intended these two Counts to serve as factual allegations supporting his Procedural Due Process claim. See ibid. In accordance with Defendants' Motion to Dismiss, Plaintiff therefore agrees that the second and third Counts may be dismissed without prejudice as being mislabeled. Id. at 27, 29. Consequently, the Court should dismiss these two Counts.

## CONCLUSION

For these reasons, it is respectfully requested that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Nicholas W. Turgiss
Nicholas W. Turgiss
Deputy Attorney General